GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
SARAH S. NORMAND
CHRISTOPHER CONNOLLY
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2709/2761
Facsimile: (212) 637-2730
sarah.normand@usdoj.gov
christopher.connolly@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
............................................................................x
RAYMOND BONNER,

        Plaintiff,

        v.

DEPARTMENT OF DEFENSE, CENTRAL
INTELLIGENCE AGENCY, and FEDERAL
BUREAU OF INVESTIGATION,

        Defendants.
............................................................................x

17 Civ. 9378 (VEC)

**ANSWER**

Defendants the Department of Defense ("DOD"), Central Intelligence Agency ("CIA"),

and Federal Bureau of Investigation ("FBI") (collectively, the "Government"), by their attorneys,

answer the complaint upon information and belief as follows:

1. The allegations in paragraph 1 consist of a characterization of this action, to which

no response is required. To the extent a response is required, the Government denies the

allegations in paragraph 1, except admits that this action is putatively brought under the Freedom

of Information Act ("FOIA"), 5 U.S.C. § 552, and denies knowledge or information sufficient to

form a belief as to the truth of the allegation regarding plaintiff.

2. The allegations in paragraph 2 consist of a characterization of this action and the relief requested by plaintiff, to which no response is required. To the extent a response is required, the Government admits that Zayn al-Abidin Muhammad Husayn, also known as Abu Zubaydah, is detained at the U.S. Naval Station Guantanamo Bay.

3. The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Paragraph 4 sets forth legal conclusions to which no response is required. To the extent a response is required, DOD admits it is a department of the Executive Branch of the U.S. government.

5. Paragraph 5 sets forth legal conclusions to which no response is required. To the extent a response is required, CIA admits it is an intelligence agency within the Executive Branch of the U.S. government.

6. Paragraph 6 sets forth legal conclusions to which no response is required. To the extent a response is required, FBI admits it is a component of the Department of Justice, a department of the Executive Branch of the U.S. government.

7. Paragraph 7 sets forth legal conclusions as to jurisdiction to which no response is required.

8. Paragraph 8 sets forth legal conclusions as to venue to which no response is required. The Government denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding plaintiff's residence.

9. The Government admits the allegations in paragraph 9.

10. The allegations in paragraph 10 consist of a characterization of a portion of a report of the Senate Select Committee on Intelligence, to which no response is required. The Court is respectfully referred to the referenced report for a true and complete statement of its contents.

11. The allegations in paragraph 11 consist of a characterization of a litigation pending in the District of Columbia, to which no response is required. The Court is respectfully referred to the cited docket sheet for a true and complete statement of its contents.

12. The allegations in paragraph 12 consist of a characterization of Abu Zubaydah's detention and unidentified "investigations and reports," to which no response is required. The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 concerning unidentified "investigations and reports."

13. The allegations in paragraph 13 consist of a characterization of a portion of a report of the Senate Select Committee on Intelligence, to which no response is required. The Court is respectfully referred to the referenced report for a true and complete statement of its contents.

14. The allegations in paragraph 14 consist of a characterization of Abu Zubaydah's treatment and various publications, to which no response is required. The Court is respectfully referred to the cited publications for a true and complete statement of their contents.

15. The allegations in paragraph 15 consist of a characterization of plaintiff's FOIA request to DOD, to which no response is required. To the extent a response is required, DOD admits that Exhibit A is a true and correct copy of plaintiff's FOIA request, which was submitted to DOD on or about May 26, 2017. The Court is respectfully referred to the cited FOIA request for a complete and accurate statement of its contents.

16. The allegations in paragraph 16 consist of a characterization of plaintiff's FOIA

request to DOD, to which no response is required.  The Court is respectfully referred to the cited FOIA request for a complete and accurate statement of its contents.

17. The allegations in paragraph 17 consist of a characterization of a letter from DOD SOUTHCOM to plaintiff, to which no response is required.  To the extent a response is required, DOD admits that Exhibit B is a true and correct copy of the letter dated August 1, 2017, that DOD SOUTHCOM sent to plaintiff.  The Court is respectfully referred to the cited letter for a complete and accurate statement of its contents.

18. The allegations in paragraph 18 consist of a characterization of a letter from plaintiff to DOD OSD/JS, to which no response is required.  To the extent a response is required, DOD admits that Exhibit C is a true and correct copy of the letter dated September 27, 2017, that plaintiff sent to DOD OSD/JS.  The Court is respectfully referred to the cited letter for a complete and accurate statement of its contents.

19. The allegations in paragraph 19 consist of a characterization of a letter from DOD OSD/JS, to which no response is required.  To the extent a response is required, DOD admits that Exhibit D is a true and correct copy of the first page of the letter dated October 10, 2017, that DOD sent to plaintiff, but denies that DOD's response was "belated" or that it failed to comply with any "statutory deadline."  The Court is respectfully referred to the cited letter for a complete and accurate statement of its contents.

20. DOD admits that it has not yet produced any records in response to plaintiff's FOIA request and that more than 20 days have passed since the FOIA request was submitted to DOD SOUTHCOM and forwarded to DOD OSD/JS.

21. Paragraph 21 sets forth legal conclusions to which no response is required.

22. Paragraph 22 sets forth legal conclusions to which no response is required.

23. The allegations in paragraph 23 consist of a characterization of plaintiff's FOIA request to CIA, to which no response is required. To the extent a response is required, CIA admits that Exhibit E is a true and correct copy of plaintiff's FOIA request, which was submitted to CIA on or about May 26, 2017. The Court is respectfully referred to the cited FOIA request for a complete and accurate statement of its contents.

24. The allegations in paragraph 24 consist of a characterization of plaintiff's FOIA request to CIA, to which no response is required. The Court is respectfully referred to the cited FOIA request for a complete and accurate statement of its contents.

25. The allegations in paragraph 25 consist of a characterization of a letter from CIA to plaintiff, to which no response is required. To the extent a response is required, CIA admits that Exhibit F is a true and correct copy of the letter dated June 23, 2017, that CIA sent to plaintiff. The Court is respectfully referred to the cited letter for a true and complete statement of its contents.

26. The allegations in paragraph 26 consist of a characterization of a letter from plaintiff to CIA, to which no response is required. To the extent a response is required, CIA denies that Exhibit G is a true and correct copy of the letter that plaintiff sent to CIA in September 2017, and avers that the letter CIA received was dated September 22, 2017, not September 27, 2017. The Court is otherwise respectfully referred to the cited letter for a true and complete statement of its contents.

27. CIA denies the allegations in paragraph 27, and avers that, by letter dated October 31, 2017, it informed plaintiff that his request was in process, with an estimated completion date

of July 27, 2018.

28. CIA admits that it has not yet produced any records in response to plaintiff's FOIA request and that more than 20 days have passed since the FOIA request was submitted to CIA.

29. Paragraph 29 sets forth conclusions of law to which no response is required.

30. The allegations in paragraph 30 consist of a characterization of plaintiff's FOIA request to the FBI, to which no response is required. To the extent a response is required, the FBI admits that Exhibit H is a true and correct copy of plaintiff's FOIA request, which was submitted to the FBI on or about May 26, 2017. The Court is respectfully referred to the cited FOIA request for a complete and accurate statement of its contents.

31. The allegations in paragraph 31 consist of a characterization of plaintiff's FOIA request to the FBI, to which no response is required. The Court is respectfully referred to the cited FOIA request for a complete and accurate statement of its contents.

32. The allegations in paragraph 32 consist of a characterization of a letter from the FBI to plaintiff, to which no response is required. To the extent a response is required, the FBI admits that Exhibit I is a true and correct copy of the letter dated June 14, 2017, that the FBI sent to plaintiff. The Court is respectfully referred to the cited letter for a true and complete statement of its contents.

33. The allegations in paragraph 33 consist of a characterization of a letter from the FBI to plaintiff, to which no response is required. To the extent a response is required, the FBI admits that Exhibit J is a true and correct copy of the letter dated June 26, 2017, that the FBI sent to plaintiff. The Court is respectfully referred to the cited letter for a true and complete statement of its contents.

34. The allegations in paragraph 34 consist of a characterization of plaintiff's administrative appeal, to which no response is required. To the extent a response is required, the FBI admits that Exhibit K is a true and correct copy of the administrative appeal that plaintiff submitted to the Department of Justice's Office of Information Policy ("OIP") on or about July 23, 2017. The Court is respectfully referred to the cited administrative appeal for a true and complete statement of its contents.

35. The allegations in paragraph 35 consist of a characterization of a letter from OIP to plaintiff, to which no response is required. To the extent a response is required, the FBI admits that Exhibit L is a true and correct copy of the letter dated August 10, 2017, that OIP sent to plaintiff. The Court is respectfully referred to the cited letter for a true and complete statement of its contents.

36. The allegations in paragraph 36 consist of a characterization of a letter from OIP to plaintiff, to which no response is required. To the extent a response is required, the FBI admits that Exhibit M is a true and correct copy of the letter dated November 15, 2017, that OIP sent to plaintiff. The Court is respectfully referred to the cited letter for a true and complete statement of its contents.

37. The FBI admits that it has not yet produced any records response to plaintiff's FOIA request and that more than 20 days have passed since the FOIA request was submitted to the FBI.

38. Paragraph 38 sets forth conclusions of law to which no response is required.

## FIRST CLAIM

39. The Government repeats, realleges, and incorporates its responses to the allegations in the foregoing paragraphs.

40. The Government denies the allegations in paragraph 40.

## SECOND CLAIM

41. The Government repeats, realleges, and incorporates its responses to the allegations in the foregoing paragraphs.

42. The Government denies the allegations in paragraph 42.

43. The Government denies the allegations in paragraph 43.

## THIRD CLAIM

44. The Government repeats, realleges, and incorporates its responses to the allegations in the foregoing paragraphs.

45. The Government denies the allegations in paragraph 45.

The remainder of the complaint contains a request for relief, to which no response is required. To the extent a response is required, the Government denies the allegations contained in the remainder of the complaint and states that plaintiff is not entitled to the requested relief or any relief whatsoever.

The Government denies all allegations in the complaint not expressly admitted or denied.

## DEFENSES

## FIRST DEFENSE

Some or all of the requested records are exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any request for relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

The Government may have additional defenses which are presently unknown but may be ascertained at a later time. The Government reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, defendants DOD, CIA, and FBI are entitled to judgment dismissing the complaint with prejudice and granting such further relief as the Court deems just, including costs and disbursements.

Dated: January 10, 2018

          GEOFFREY S. BERMAN
          United States Attorney for
          Southern District of New York

By:   *Sarah S. Normand*
      SARAH S. NORMAND
      CHRISTOPHER CONNOLLY
      Assistant United States Attorneys
      86 Chambers Street, Third Floor
      New York, New York 10007
      Telephone: (212) 637-2709/2761
      Facsimile: (212) 637-2730
      sarah.normand@usdoj.gov
      christopher.connolly@usdoj.gov