

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

January 18, 2018

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re: *Bonner v. Department of Defense et al.*,
       No. 17 Civ. 9378 (VEC)

Dear Judge Caproni:

  We write respectfully on behalf of all parties in the above-referenced action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), pursuant to the Court's Notice of Initial Pretrial Conference dated December 4, 2017, and in advance of the initial pretrial conference scheduled for January 26, 2018.

**Brief Description of the Case, Including the Legal and Factual Bases for the Claims and Defenses**

  This is a FOIA action seeking records about the capture, interrogation, and detention of Zayn al-Abidin Muhammad Husayn, more commonly known as Abu Zubaydah ("Zubaydah"), who is being detained at the U.S. Naval Station Guantanamo Bay. Plaintiff seeks records from three defendant agencies or components: the Department of Defense ("DOD"), the Central Intelligence Agency ("CIA"), and the Federal Bureau of Investigation ("FBI").

  From DOD, Plaintiff seeks: (1) the original Arabic version of a diary prepared by Zubaydah, (2) a viewable version of a video recording of Zubaydah, and (3) an email referenced during Zubaydah's Combatant Status Review Tribunal hearing.

  From CIA, Plaintiff seeks: (1) all cables, emails, letters, correspondence, notes, memoranda, or reports transmitted between August 4 and 23, 2002, inclusive, which pertain or refer to the interrogation or detention of Zubaydah, (2) certain cables identified in the publicly released version of the Senate Select Committee on Intelligence's report on the CIA's former detention and interrogation program ("SSCI report"), and (3) eight drawings purportedly created by Zubaydah while in CIA custody that may depict interrogation techniques applied to Zubaydah.

From FBI, Plaintiff seeks: (1) all records created between January 1, 1995, and December 31, 2000, inclusive, which refer or pertain to Zubaydah, (2) all records created between March 15, 2002, and April 2, 2002, inclusive, which refer or pertain to the March 28, 2002, raid in Pakistan in which Zubaydah was captured, and (3) all records created between April 2, 2002 and July 15, 2002, inclusive, which refer or pertain to Zubaydah.

**Plaintiff's Statement**

Through this action plaintiff seeks to enforce compliance with his FOIA requests for records concerning Abu Zubaydah. To date, the plaintiff has received no documents from any agency in response to his FOIA requests, which were submitted on May 26, 2017. Plaintiff understands that, in response to this lawsuit, the defendant agencies and components have initiated searches for responsive records that are ongoing, but at this time, plaintiff has insufficient information to ascertain what would be a reasonable timeframe for compliance. Plaintiff is in continuing discussions with counsel for defendants, and expects to be in a position to propose a timeframe for the defendants to complete production by January 25, 2018.

**Defendants' Statement**

The defendant agencies and components are diligently processing Plaintiff's respective FOIA requests. The status of the defendants' respective searches is as follows:

DOD has located the requested diary (DOD item 1). DOD has searched for, but to date has not located, a viewable version of the requested video recording (DOD item 2) or the requested email (DOD item 3).

CIA has located the requested cables identified in the SSCI report and the requested drawings (CIA categories 2 and 3). With regard to the requested records referring to the interrogation or detention of Zubaydah (CIA category 1), CIA has conducted an initial search, which returned a large volume of potentially responsive records that will need to be reviewed individually for responsiveness. In addition, CIA has determined that some of the records requested by Plaintiff in this category are also the subject of other pending FOIA requests currently in litigation, including several cases in which CIA is making ongoing productions pursuant to court-ordered or agreed-upon deadlines.[1] CIA is attempting to identify records that overlap with other pending FOIA

---

[1] *See DeFraia v. CIA*, No. 16-CV-01862-RC (D.D.C.) (seeking, *inter alia*, records relating to interactions between two CIA contractors and detainees, including interrogation; per the court's October 20, 2017 Order, ECF No. 28, CIA is making monthly productions to be completed on June 29, 2018); *Leopold et al. v. CIA*, 16-CV-01833-KBJ (D.D.C.) (seeking certain records identified in SSCI report; per the court's December 6, 2017 Minute Order, CIA is making an interim release on or before March 2, 2018, and completing processing and production of responsive, non-exempt records on or before June 1, 2018); *All Party Parliamentary Group on Extraordinary Rendition et al. v. DOD et al.*, 09-CV-02375 (D.D.C.) (seeking, *inter alia*, records regarding the detention

2

requests and cases, so that records responsive to Plaintiff's FOIA request in this case that have already been processed and produced, or will be processed and produced in the coming months, can also be released to Plaintiff.

FBI has conducted an initial search for responsive records, and has identified additional files to be searched. However, Plaintiff's FOIA request to FBI is exceptionally broad, seeking all records pertaining or referring to Zubaydah that were created during time periods spanning more than six years. Accordingly, FBI is exploring potential ways to narrow the request and/or limit the search for responsive records, and has begun discussions with Plaintiff in this regard.

With regard to defenses, to the extent Plaintiff seeks records from CIA and FBI that "pertain" to Zubaydah that do not also "refer" to him, the request does not reasonably describe the records sought, and CIA and FBI are unable to undertake a reasonable search. Even if the FOIA request is limited to records that refer to Zubaydah, it will take significant time to process, given the classified status of many of the requested records. As noted above, moreover, the request to the FBI is unreasonably broad.

In addition, many of the documents sought by Plaintiff are likely to be exempt from disclosure, in whole or in part, under one or more of FOIA's exemptions, 5 U.S.C. § 552(b), including Exemption 1 (for records containing classified national security information), Exemption 3 (for records protected from disclosure by statute, including the National Security Act and the CIA Act), Exemption 5 (for privileged records, including records protected by the attorney-client and deliberative process privileges), Exemption 6 (for records the disclosure of which would constitute a clearly unwarranted invasion of personal privacy), and Exemption 7 (for certain law enforcement records). With regard to Exemptions 6 and 7(C), it is not clear whether Plaintiff has sought, or intends to seek, a privacy waiver from Zubaydah, who is represented by counsel in his habeas case.

**Any Contemplated Motions**

There are no contemplated motions at this time. If Plaintiff challenges defendants' searches or withholding of responsive records, the parties anticipate that the case would be resolved via summary judgment motion practice. *See Carney v. U.S. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).

---

and interrogation of Zubaydah; per the parties' January 17, 2018 Joint Status Report, ECF No. 108 ¶ 6, CIA is making rolling productions of approximately 500 documents, and has agreed to make a good faith effort to complete its production by April 30, 2018). In another FOIA case pending in this District, *ACLU et al. v. DOD et al.*, No. 15 Civ. 9317 (AKH), the CIA produced redacted versions of certain documents cited in the SSCI report, *see* ECF Nos. 53, 58, 66, including documents referring to the interrogation of Zubaydah. The district court issued a decision on the parties' cross-motions for summary judgment on September 27, 2017, *see* ECF No. 77, but subsequently granted reconsideration in part, *see* ECF No. 82, and scheduled an *in camera* hearing for January 18, 2018, *see* ECF No. 88.

**The Basis for Subject Matter Jurisdiction**

The Court has jurisdiction because this is an action arising under federal law, specifically, the Freedom of Information Act, 5 U.S.C. § 552. *See* 28 U.S.C. § 1331.

**The Prospect for Settlement**

The parties do not believe settlement discussions would be productive at this time. However, at the case proceeds, the parties will meet and confer to narrow the issues in dispute.

**Case Management Plan**

The parties respectfully submit that the Court's form Case Management Plan and Scheduling Order should not be used in this FOIA case, as FOIA cases are typically resolved on motions for summary judgment without the need for discovery. *See Carney*, 19 F.3d at 812. However, the parties are actively conferring regarding a schedule for further proceedings in this case. The parties respectfully propose that they submit a joint letter by noon on January 25, 2018, setting forth either a jointly proposed schedule or the parties' respective positions with regard to a schedule.[2]

We thank the Court for its consideration of this letter.

                                          Respectfully submitted,

                                          GEOFFREY S. BERMAN
                                          United State Attorney for the
                                          Southern District of New York

By: /s/ Christopher Connolly
     SARAH S. NORMAND
     CHRISTOPHER CONNOLLY
     Assistant U.S. Attorneys
     86 Chambers Street, Third Floor
     New York, New York 10007
     Telephone: (212) 637-2709/2761
     Facsimile: (212) 637-2730
     Sarah.Normand@usdoj.gov
     Christopher.Connolly@usdoj.gov

---

[2] This proposal assumes there is no government shutdown due to a lapse in appropriations. In the event of a government shutdown, the parties will submit a further letter to the Court.

MEDIA FREEDOM AND
INFORMATION
ACCESS CLINIC

By: _/s/ David A. Schulz_____
    David A. Schulz
    919 3rd Avenue, 37th Floor
    New York, NY 10022
    Tel: (212) 850-6103
    schulzd@ballardspahr.com

    Hannah Bloch-Wehba (*pro hac vice*
       application forthcoming)
    Yale Law School
    P.O. Box 208215
    New Haven, CT 06520-8215
    Tel: (203) 436-5824
    Fax: (203) 432-3034
    hannah.bloch-wehba@yale.edu

*Counsel for Plaintiff Raymond Bonner*